M’Girk, C. J.,
delivered the opinion of the Court.
The case is, that in the Circuit Court, Howel & Co. brought a scire facias against March, on a bail bond, taken to the Sheriff from March, for the appearance, &c., of one Guest. The bail bond is in the common form, and assigned to Howel & Co. by the Sheriff To the sci. fa. there Was a general demurrer; the Court overruled the demurrer, and gave judgment for plaintiffs. There is a general assignment of error, and the record presents two questions: first, will a sci. fa. lie on a bail bond ? Second, is the prayer for execution of the damages in the first suit right, or should it have been for execution of the specific sum mentioned in the bail bond?
The question, whether a sti. fa. Will lie on a bail bond, has been agitated in the country for some time. The doubt has, perhaps, arisen on the principle, that a sci. fa. can only be used on matter of record, and the bail bond being taken by the Sheriff out of Court, and returned With the writ into Court, therefore, thought to he only a matter in pais.
The judiciary act requires the Sheriff to take a bond of the defendant, with a certain condition, and requires the Sheriff to return the bond into Court, With the writ. The same act (in section Í1) says, the bail may, at anytime, surrender the principal, before the first sci. fa. returned executed, or the second returned mhil. It is the duty of this Court to give the provisions of this act a liberal construction.
From the requisition, that the bond shall be returned with, the writ, it is fairly to be understood the Legislature intended to attach to it some higher dignity than possessed by a bond. It is in general true, that a sci. fa. can only issue on matter of record J hut When the Legislature gave it in other cases, expressly or by implication, it is equally available as a remedy. Without determining whether the bond is a íiscord or not, it is clearly perceivable that the Legislature intended the sci. fa. might be used on a bail bond, for a remedy against the bail 5 or why provide for a surrender of the principal, by the bail, before the return of the first executed, or the second tti/iil? If the sci. fa. does not lie on the bond, this provision would have been, except in very ieW cases, unavailable. The sci. fa. on bail bonds has been used ever Since the statute Was passed, Until the present time. We see no evil in permitting it to be used hereafter. It is only a liberal construction of the statute, that it should be used } and, in this point of view, there is no error in the judgment of the Court, ©n the first paint. With regard to the second point, there is error. The sci./». *129 should have prayed for execution of the specific sum in the bond, according to the case of Barlow-!). Evans, (1st Wilson’s Rep. 98.)
The judgment must, therefore, he reversed with costs.
Note. — This bond is assigned to the plaintiff. This is well enough; and, according to the case decided at St. Charles, of Parmer to the use of Atchison v. Moore, it would he well enough if the suit had been in. the name of the Sheriff) to the use of the plaintiff.
Motion for rehearing granted.